```
           IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                              *
DONOVAN CUNNINGHAM,
                              *
    Petitioner.
                              *
         v.                       CIVIL NO.:    WDQ-07-3434
                              *   CRIMINAL NO.: WDQ-05-0261
UNITED STATES OF AMERICA,
                              *
    Respondent.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Pending is Donovan Cunningham's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court has reviewed the record and determined that no evidentiary hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, Cunningham's motion will be denied.

I.   Background

On June 2, 2005, Cunningham was indicted for conspiracy to distribute in excess of five kilograms of cocaine and more than 50 kilograms of marijuana in violation of 21 U.S.C. § 846. Stanley Needleman represented Cunningham. Cunningham pled guilty, and, on December 11, 2006, was sentenced to 110 months imprisonment.

II.  Analysis

    A.    Standard of Review

The Sixth Amendment guarantees the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To prove ineffective assistance of counsel, Cunningham must show that his counsel's performance was deficient, and that the deficiency prejudiced his defense.  *Id.* at 687.  This requires a showing that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  Cunningham must also demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  Only if deficient performance and prejudice are established can it be concluded that counsel's assistance was defective.  *Id.* at 687.  If the defendant cannot prove prejudice, "a reviewing court need not consider the performance prong."  *Fields v. Attorney General*, 956 F.2d 1290, 1297 (4th Cir. 1992) (*citing Strickland*, 466 U.S. at 697).

    B.    Discussion

Cunningham argues that he should be re-sentenced because: (1) he received ineffective assistance of counsel because Needleman failed to obtain a writ of *coram nobis* in the Circuit Court for Baltimore County challenging a narcotics conviction he received in case K-00-1254, which the Court considered at his sentencing and (2) he was not a "career offender."

2

Needleman filed a motion for a writ of *coram nobis* to set aside the state narcotics conviction, but it was denied by the Circuit Court.  There is no evidence that Needleman's performance was deficient.  Cunningham has appealed the denial to the Maryland Court of Special Appeals.  That Court has not reversed Cunningham's conviction.

Cunningham was not sentenced as a career offender.  Over the objection of the Government, the Court adopted the findings of the Pre-Sentence Report, which computed an Offense Level of 34 and a Criminal History Category of V without reference to the career offender guideline.  *See* Govt Supp. Mem. Ex. B (Pre-Sentence Report); *Id.* Ex. C (Judgment in a Criminal Case, *United States v. Cunningham*, WDQ-05-0261).  Accordingly, Cunningham's sentence will not be changed.

III. Conclusion

For the above stated reasons, Cunningham's § 2255 motion will be denied.


August 13, 2008                             /s/
Date                               William D. Quarles, Jr.
                                   United States District Judge